## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **RTW GOODS, LLC DBA BEARCREEK IMPORTS, LLC,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **CIVIL ACTION NO: 3:24-cv-03272-G** |
| **HARINDER SIDHOO AND RUBY SIDHOO.,** | § § § | |
| **Defendants.** | § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE COURT:**

Plaintiff RTW Goods, LLC d/b/a Bearcreek Imports, LLC ("Plaintiff") files this First Amended Complaint against Defendants Harinder Sidhoo ("Hirander") and Ruby Sidhoo ("Ruby") (Hirander and Ruby shall collectively be referred to as the "Sidhoos"), and respectfully shows as follows:

### I.    INTRODUCTION

1.    Plaintiff sold substantially all of its assets to Aarjay Products, LLC ("Aarjay") by virtue of an assignment by Hirander of his contractual rights in an Asset Purchase Agreement between Plaintiff and Hirander. The Sidhoos, as husband and wife, are the sole members of Aarjay. As part of the sale transaction, Aarjay executed a Secured Promissory Note and Security Agreement ("Note") in the amount of $706,860.00 and the Sidhoos executed a Personal Guaranty ("Guaranty") guarantying full payment of the Note. Aarjay is in default of its payment obligations under the Note and still owes the final balloon payment of $418,860.00 which was due and payable on August 13, 2024. Plaintiff seeks recovery against the Sidhoos based on the Personal Guaranty

in the principal amount due and owing, $418,860.00 plus $20,906.32 consisting of the 5% charge referenced in the Note, plus post default interest of 18% per annum which as of December 12, 2024 is $25,087.59 for a total of $443,214.02 and which continues to accrue interest at the rate of 18% per annum (to be referred as the "Claim").

## II.    PARTIES

2.    Plaintiff RTW Goods, LLC d/b/a Bearcreek Imports, LLC is a Texas limited liability company authorized to conduct business in the State of Texas.

3.    Defendant Harinder Sidhoo is an individual residing in the State of Virginia and may be served with process by serving him at 8635 Turtle Road, Springfield Virgina 22152.

4.    Defendant Ruby Sidhoo is an individual residing in the State of Virginia and may be served with process by serving her at 8635 Turtle Road, Springfield Virgina 22152.

## III.    JURISDICTION AND VENUE

5.    The Court has jurisdiction over the subject matter based on diversity of citizenship pursuant to 28 U.S.C § 1332(a)(3).  This is a dispute between citizens of different states, and the amount in controversy far exceeds the sum or value of $75,000, exclusive of interest and costs.

6.    As proof of diversity, Plaintiff is a Texas Limited Liability Company with a business address of 3824 Cedar Springs Rd., Unit 801-4689, Dallas, Texas 75219 and 1207 Shadetree Ln., Allen, Texas  75013.  Plaintiff consists of two members: (a) Jonathan Elder who resides at 1207 Shadetree Ln., Allen Texas  75013; and (b) John Blackrock who resides at 219 Blue Lake Road, Santa Rosa Beach, Florida 32459.  Meanwhile Defendants Harinder Sidhoo and his wife Ruby Sidhoo reside at 8635 Turtle Road, Springfield, Virginia 22152.

7.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this district and the parties agreed that the laws of Texas shall apply.  Further the Note which the Sidhoos

guaranteed and for which they are the sole principals of Aarjay provides in pertinent part that "[e]ach of Borrower and Lender (by its acceptance of this Note): (a) agrees that any suit, action or legal proceeding arising out of or relating to this Note shall exclusively be brought in the courts of record of the State of Texas, or a district court of the United States controlling on the State of Texas; (b) consents to the exclusive jurisdiction of each such court in any such suit, action or proceeding; and (c) waives any objection which it may have to venue of any such suit, action or proceeding in any of such courts."

## IV.    FACTUAL BACKGROUND

8.    On March 4, 2019, Harinder and Plaintiff entered into an Asset Purchase Agreement between Harinder and/or Assigns and Plaintiff dated March 4, 2019, as amended by that certain Amendment to Asset Purchase Agreement dated June 29, 2019 ("First Amendment") as further amended by that certain Second Amendment to Asset Purchase Agreement dated July 25, 2019 ("Second Amendment") as further amended by that certain Third Amendment to Asset Purchase Agreement dated August 13, 2019 ("Third Amendment") as further amended by that certain Fourth Amendment to Asset Purchase Agreement dated August 14, 2019 ("Fourth Amendment") (the Asset Purchase Agreement, First Amendment, Second Amendment, Third Amendment and Fourth Amendment shall collectively be referred to as the "Asset Purchase Agreement"). The Asset Purchase Agreement was subsequently assigned by Harinder to Aarjay pursuant to that certain Assignment and Assumption Agreement dated August 13, 2019.

9.    As part of the Asset Purchase Agreement, Aarjay executed a Secured Promissory Note and Security Agreement dated August 13, 2019, in the principal amount of $706,860.00 ("Note") and the Sidhoos executed a Personal Guaranty. A copy of the Note and Personal Guaranty which is attached to the Note as Exhibit "A" is attached hereto for all purposes as Exhibit "1."

10.    As part of the Asset Purchase Agreement, Plaintiff and Aarjay executed a Bill of Sale, an Inventory Consignment Agreement, a Non-Compete and Non-Solicitation Agreement by and between Plaintiff, John Blackrock, and Jonathan Elder, a Patent Assignment Agreement, and a Trademark Assignment Agreement, all of which are dated August 13, 2019 (such agreements collectively referred to as the "APA Agreements").

11.    Aarjay is in default of its obligations under the Note having failed to timely pay the balloon payment of $418,126.43 due and owing on August 13, 2024.  As of December 12, 2024, in addition to the principal amount of $418,126.43 being due and payable, Aarjay owes an additional $20,906.32 consisting of the 5% charge referenced in the Note, plus post default interest of 18% per annum which as of December 12, 2024 is $25,087.59 for a total of $443,214.02 (sometimes to be referred as the "Claim"), with interest accruing at the per diem rate of $220.06. Though demand has been made on the Sidhoos to pay the Claim, the Sidhoos have wholly failed and refuse to pay the Claim.

12.    By virtue of Aarjay being in default of the Note, the Sidhoos are jointly and severally liable, as guarantors to pay the Claim.  Though demand has been made on the Sidhoos to pay the Claim, the Sidhoos have wholly failed and refuse to pay the Claim.

### V.    COUNT ONE – SUIT ON GUARANTY

13.    Pleading further, Plaintiff incorporates paragraphs 1 - 11 by reference for all purposes.

14.    As referenced above, because Aarjay is in default of the Note and has refused to pay the Claim and because the Sidhoos guaranteed the Note per the Guaranty, the Sidhoos are jointly and severally liable, under the Guaranty for the full amount of the Claim.

15.    Plaintiff has therefore been damaged in the amount of the Claim for which the Sidhoos are jointly and severally liable in the amount of $443,087.59 as of December 12, 2024

consisting of $418,126.43 as the principal amount due and owing, plus an additional $20,906.32 consisting of the 5% charge referenced in the Note, plus post default interest of 18% per annum which as of December 12, 2024 is $25,087.59 with interest accruing at the per diem rate of $206,20.

## VI.    COUNT TWO - ATTORNEYS' FEES

16.    Pleading further, Plaintiff incorporates paragraphs 1 - 14 by reference for all purposes.

17.    The failure of Sidhoos to pay the Claim under the Guaranty has made it necessary for Plaintiff to employ the undersigned attorneys to sue on the Note and Guaranty.  The Claim has been presented to the Sidhoos more than 30 days prior to filing this action, or more than 30 days prior to obtaining judgment on this action, and the Claim remains unsatisfied.  Under the provisions of the Note which was guaranteed by the Sidhoos and Section 38.001 *et. seq.* Texas Civil Practice and Remedies Code, Plaintiff is entitled to reasonable attorneys' fees against the Sidhoos, jointly and severally, in the amount of $50,000.00 if tried to a verdict before this court, another $50,000.00 if appealed to the Fifth Circuit Texas Court of Appeals and another $50,000.00 if appealed to the United States Supreme Court.

## VII.    COUNT FOUR - ALTERNATIVE PLEADINGS

18.    Plaintiff reasserts and incorporates herein by reference for all purposes the allegations contained in paragraphs 1 through 16 above.

19.    Plaintiff will show that to the extent that any relief sought or cause of actions asserted herein are inconsistent with any other relief or cause of action asserted or sought herein, Plaintiff hereby reasserts same in the alternative.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, RTW Goods, LLC d/b/a Bearcreek Imports, LLC prays that Defendants Harinder Sidhoo and Ruby Sidhoo be cited to appear and answer herein, and upon final trial hereof, RTW Goods, LLC d/b/a Bearcreek be granted judgment against Defendants Harinder Sidhoo and Ruby Sidhoo jointly and severally for the following:

(1)    actual damages in excess of $443,214.02 representing the economic damages suffered by RTW Goods, LLC d/b/a Bearcreek in connection with the Guaranty claims;

(2)    pre-judgment in the amount of 18% per annum and post-judgment interest;

(4)    reasonable and necessary attorneys' fees in the amount of $50,000.00 if tried to a verdict before this court, another $50,000.00 if appealed to the Fifth Circuit Texas Court of Appeals and another $50,000.00 if appealed to the United States Supreme Court;

(5)    costs of Court; and

(6)    for such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**COWLES & THOMPSON, P.C.**

By: _/s/William L. Siegel_
    **WILLIAM L. SIEGEL**
    Texas Bar No. 18342480

901 Main Street, Suite 4000
Dallas, TX 75202
(214) 672-2000
(214) 672-2020 (Fax)

ATTORNEYS FOR RTW GOODS, LLC
D/B/A BEARCREEK IMPORTS, LLC